UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 1:22-cv-10767-DPW

**JAMES JULSONNET and DIANE JULSONNET**
   Plaintiffs,

v.

**TOPHILLS, INC.,** *et al.*
   Defendants.

### DEFENDANTS' MOTION IN LIMINE No. 1
### TO PRECLUDE EVIDENCE REGARDING EMOTIONAL DISTRESS

Defendants moves this Honorable Court to preclude the Plaintiffs from making any references or argument at trial that they suffered emotional distress. The jury should be not be given evidence that is irrelevant and unduly prejudicial and should be excluded under Fed. R. Evid. 402 and 403.

The Plaintiffs remaining claims are violation of the Federal Motor Carrier Safety Act, Civil Rico, breach of contract, and breach of the covenant of good faith and fair dealing. The Defendants would assert that none of these claims would allow for the Plaintiffs to seek damages for emotional distress.

Civil Rico does not provide for emotional distress damages. Zareas v. Bared-San Martin, 209 Fed. Appx. 1,3 (2006). Breach of contract does generally allow claims for emotional distress. Doe v. City of Pawtucket, 633 F. Supp. 3d 583, 588 (D. RI. 2022). In any case, any damages, including emotional distress, related to the loss or damage to the goods in the move for any state law claim (here breach of contract and breach of the covenant of good faith and fair

1

dealing) would be preempted in any case by the Carmack Amendment. See  Skakov v. Black Bear Moving & Storage, 2022 U.S. Dist. LEXIS 222091, * 9 (D. Mass. 2022).  The Defendants also fathom no circumstance where a Plaintiffs can recover damages for emotional distress under the Motor Carrier Safety Act.

It is assumed that the Plaintiffs intend on putting in evidence of their alleged emotional distress to garner improper sympathy from the jury, even though this would not be recoverable under their remaining claims.

**WHEREFORE**, Defendants request that this Honorable Court grant this Motion in Limine and preclude Plaintiffs from referring to suggesting that they suffered any emotional distress in this case.

Respectfully submitted,

Dated: March 18, 2024

The Defendants,
By his Attorneys,

/s/David Summer
Alan D. Meyerson (BBO #682515)
David B. Summer (BBO #634514)
100 State Street, Suite 900
Boston, MA 02109
(617) 444-9525
(617) 695-0050
alan@alandavidmeyerson.com
david@summerlaw.com

**Certificate Pursuant to Local Rule 7.1(a)(2) and 16.5(c)**

I, David Summer, herby certify that on March 18, 2024 I attempted to confer in good faith with counsel for Plaintiffs via telephone to narrow or resolve the issue(s) raised by this motion prior to the filing of this motion. Plaintiffs' counsel indicated via telephone on that they do not assent to Defendants filing this motion.

/s/ David Summer
David Summer

## Certificate of Service

 I, David Summer, certify that, to the best of my knowledge, this document, filed through the Court's ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 18, 2024.

              */s/ David Summer*
              David Summer