UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES JULSONNET and DIANE JULSONNET, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>TOPHILLS, INC. and ENRIQUE A. ESCOBAR, )<br>    Defendants. ) | Civil Action No. 1:22-cv-10767-DPW |

**DEFENDANTS TOPHILLS, INC.'S. AND ENRIQUE ESCOBAR'S
TRIAL MEMORANDUM**

**Introduction**

The Plaintiffs James Julsonnet and Diane Julsonnet (collectively "Plaintiffs" or Julsonnets") currently have five remaining counts: Count I – Violations of the Motor Carrier Safety Act and Regulations; Counts II and III – Violation of Racketeering and Corrupt Organizations Act (against Enrique A. Escobar only); Count IV – Breach of Contract; and Count X - Breach of Good Faith and Fair Dealing. Defendant Tophills, Inc. has counterclaims for breach of contract and quantum meruit.

**A. LEGAL ISSUES**

**I.  Preemption of State Law Claims – in part**

As argued in its summary judgment motion, the Defendants assert that the Plaintiffs' state law claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706. "[T]he Carmack Amendment completely preempts state law, and is a jurisdictional barrier to plaintiffs asserting state-law claims against carriers for damages incurred in interstate transportation." Skakov v. Black Bear Moving & Storage, 2022 U.S. Dist. LEXIS 222091, * 9 (D. Mass. 2022). This

Court, however, declined to dismiss the Plaintiffs' claims for breach of contract and breach of good faith and fair dealing.

The Defendants assert that for purposes of trial these claims only survive to the extent that they seek damages that are not based on the loss or damage of the shipped goods. See Rini v. United Van Lines, 104 F.3d. 502, 506 (2022). Thus, the Plaintiffs suggestion that they can recover damages for their lost business, emotional distress, and the like because of the Defendant Tophill's alleged failure to deliver the goods are not a valid basis for damages under these state law claims as these damages stem from the loss or damage to the goods.

**II.   Late Produced Documents and Witnesses**

Defendants requested documents concerning the payments for moving the items previously located at the Plaintiffs' residence and any documents evidencing any belongings at the Plaintiffs' home. RFPD Nos. 7, 10. The Plaintiffs moved their belongings from the Tophills, Inc.'s warehouse in early January 2024. The Plaintiffs have failed to provide any documents regarding the move, including any of the 94 photos they produced on March 18, 2024 as exhibits they intend to introduce at trial. The Plaintiffs should not be permitted to introduce these documents after failing to produce them during discovery.

The Plaintiffs have also listed six new witnesses in their pretrial memorandum not previously identified in their answers to interrogatories. In Defendants' interrogatories to Plaintiffs, Defendants asked that Plaintiffs identify all witnesses who would testify at trial. The Plaintiffs should not be permitted to call these late-disclosed witnesses at trial. Two of the late-disclosed witnesses work for the law firm representing the Plaintiffs. It is unclear what personal information these two witnesses possess.

### III. Limitation of Damages

Defendants assert to the extent the Plaintiffs have any damages it is limited to $0.60 per pound per the contract signed by the Plaintiffs and Febex d/b/a Interstate Moving and Storage. The Agreement also required that "[a]s a condition precedent, all outstanding monies due to Interstate Moving and Storage must be paid in full before any claim can be made." The Plaintiffs have not paid the full amount due under the contract and this duty to pay was a condition precedent without which Defendant Tophills was excused from performance of its obligations under the contract. Because the Plaintiffs ultimately paid zero dollars of the amount due under the contract, the contract is void for want of consideration. The Plaintiffs failure to pay any of the amount due under the contract prevented the performance of Defendant Tophills.

### B. LENGTH OF TRIAL

The Defendants estimate that the trial will take five days (1 full day of trial and four half days of trial).

Dated: March 18, 2024

Respectfully submitted,
The Defendants,
By their Attorneys,

*/s/ Alan D. Meyerson*
Alan D. Meyerson (BBO #682515)
David B. Summer (BBO #634514)
100 State Street, Suite 900
Boston, MA 02109
(617) 444-9525
(617) 695-0050
alan@alandavidmeyerson.com
david@summerlaw.com

**Certificate of Service**

    I, Alan D. Meyerson, certify that, to the best of my knowledge, this document, filed through the Court's ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 18, 2024.

                                                                                */s/ Alan D. Meyerson*
                                                                                Alan D. Meyerson